UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RAMIRO HERNANDEZ,


                         Plaintiff,                    **COMPLAINT WITH**
      -vs.-                                      **JURY DEMAND**

ABSOLUTE WOODWORK LLC, and IGOR STASISHIN,

                         Defendants.
------------------------------------------------------------------------X

       Plaintiff, RAMIRO HERNANDEZ (hereinafter "Plaintiff") by and through his attorneys,

THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against ABSOLUTE

WOODWORK LLC (the "Company") and IGOR STASISHIN ("Mr. Stasishin") (together as

"Defendants"), allege upon knowledge as to himself and his own actions and upon information

and belief as to all other matters as follows:

### NATURE OF CASE

       1.     This is a civil action for damages and equitable relief based upon Defendants'

flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the

New York Labor Law ("NYLL") § 160 and the corresponding N.Y. Comp. Codes R. & Regs

("NYCCRR"); (iii) the requirement that employers furnish employees with wage statements on

each payday containing specific categories of information under the NYLL § 195(3); (iv) the

requirement that employers furnish employees with a wage notice at the time of hiring containing

specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be

inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants from 2010 through on or about September 30, 2021.  Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, well over 40 hours per week.  However, Defendants failed to pay Plaintiff at overtime rate of pay of one and one-half times his regular rate of pay for each hour that Plaintiff worked per week in excess of forty, as the FLSA and the NYLL require.  Furthermore, Defendants failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as the NYLL requires or provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

## JURISDICTION AND VENUE

5.      Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

7.      At all relevant times, Plaintiff was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

8.      At all relevant times herein, the Company was and is a domestic limited liability corporation with its principal place of business located at 4014 1st Avenue, Brooklyn, NY 11232.

9.      Upon information and belief, Stasishin is individual whose principal place of business located at 4014 1st Avenue, Brooklyn, NY 11232.

10.      At all relevant times herein, Mr. Stasishin has been a principal, officer, and or manager of the Company.

11.     At all relevant times herein, Defendants were each an "employer" within the meaning of the FLSA, NYLL, and the NYCCRR.  Additionally the Defendants' qualifying annual business exceeded $500,000, and it was engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business, much of which originated in states other than New York, the combination of which subjects it to the FLSA's minimum wage requirements as an enterprise.  Furthermore, all of Defendants' employees, including Plaintiff, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce.  This independently subject Defendants to the wage requirements of the FLSA with respect to Plaintiff.

## BACKGROUND FACTS

12.     At all times relevant, Mr. Stasishin has had undisputed authority and final say in all matters concerning the Company and all its employees, including but not limited to hiring and firing practices, promotions and compensation, supervising, maintaining employment records, and the day-to-day activities at the Company.  In fact, Mr. Stasishin who hired Plaintiff and set his compensation, possessed and wielded this authority over Plaintiff throughout his entire employment.

13.     Throughout his employment, Plaintiff's job included but was not limited to, building and installing wooden furniture.

14.     Throughout his entire employment, Plaintiff worked *at least* six days per week for a total of *at least* 55 hours.  When the need arose, he worked more than this.

15.     From January 2016 through end of 2020, Defendants paid Plaintiff $15.00 per hour, for all hours worked.  In other words, Defendants paid Plaintiff straight time for all hours worked, including those over forty which should have been paid as overtime.

3

16.     From January 1, 2021 through September 30, 2021, Defendants paid Plaintiff $17.00 per hour, for all hours worked.  In other words, Defendants paid Plaintiff straight time for all hours worked, including those over forty which should have been paid as overtime.

17.     Plaintiff worked more than forty hours in all workweeks in which Defendant employed him.  For example, during the week of January 7, 2018, Plaintiff worked more than forty hours and Defendants failed to pay him at 1.5 times his hourly rate.

18.     Throughout his entire employment, Defendants paid Plaintiff, on a weekly basis, without providing him with wage statements that properly reflected the amount of hours that he actually worked, his regular rate of pay, or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

19.     Defendants intentionally did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendant; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

20.     Despite Plaintiff's repeated complaints about Defendants paying him improperly (i.e., not paying him overtime or other compensation due to him), Defendants willfully failed to pay him properly.  Indeed, they acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

21.     Every hour that Plaintiff worked was for Defendant's benefit.  Despite complaining about not being paid properly, Defendants continued violating his rights and the FLSA and NYLL.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

22.    Plaintiff incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

23.    Defendants were required to directly pay the Plaintiff an overtime premium of one and one-half times his regular rate of pay for all hours worked over forty (40) in a given workweek.

24.    As described above, Defendants were each an employer within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

25.    As also described above, Plaintiff worked in excess of forty (40) hours per week, yet Defendants failed to compensate him in accordance with the FLSA's overtime provisions.

26.    The Defendants willfully violated the FLSA.

27.    As such, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

28.    Plaintiff is also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

29.    All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL*

30.    Plaintiff action hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

31.    Defendants were required to directly pay the Plaintiff an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

32.     As described above, Defendants were each an employer within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

33.     As also described above, Plaintiff worked in excess of forty (40) hours per week, yet Defendants failed to compensate him in accordance with the NYLL's overtime provisions.

34.     Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Statements in Violation of the NYLL*

35.     Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

36.     NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

37.     As described above, the Defendants willfully failed to furnish Plaintiff with accurate wage statements containing the criteria required under the NYLL.

38.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff for each workweek after the violation occurred, up to the statutory cap of $2,500.

39.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

40.     Plaintiff incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

41.     The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

42.     Defendants are each an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

43.     Defendant willfully failed to provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

44.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50.00 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

45.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

46.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demand judgment against the Defendant as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

7

      b.        Preliminary and permanent injunctions against Defendant and its agents, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

      c.        An order restraining Defendant from any retaliation against any individual for participating in any form in this lawsuit;

      d.        All damages that Plaintiff have sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendant's unlawful payment practices;

      e.        Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

      f.        Awarding Plaintiff his costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

      g.        Pre-judgment and post-judgment interest, as provided by law; and

      h.        Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
         November 10, 2022

                                Respectfully submitted,
                                LAW OFFICES OF WILLIAM CAFARO

                                _____

                                Louis M. Leon (LL 2057)
                                *Attorneys for Plaintiff*
                                108 West 39th Street, Suite 602
                                New York, New York 10018
                                (212) 583-7400
                                LLeon@Cafaroesq.com